UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN MATTHEW FINNEGAN,

                Plaintiff,

-against-

FARID SALIH; STEVE KALIFA,

                Defendants.

1:21-CV-7337 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Sean Matthew Finnegan, of Washington, D.C., asserts claims under the Fair Debt Collection Practices Act against Farid Salih and Steve Kalifa, also of Washington, D.C.[1] For the following reasons, the Court transfers this action to the United States District Court for the District of Columbia.

    Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c)(1), a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

    Plaintiff alleges that: (1) the defendants reside in Washington, D.C.; (2) the events giving rise to his claims occurred there; and (3) the property at issue is located there. Because Plaintiff does not allege that at least one of the defendants resides in this federal judicial district and that

---

[1] On September 1, 2021, Plaintiff filed an application for a temporary restraining order and a preliminary injunction. (ECF 3.)

both of them reside in New York State, that a substantial part of the events or omissions giving rise to his claims arose in this federal judicial district, or that a substantial part of the property at issue is located in this federal judicial district, venue is not proper in this Court under § 1391(b). Because the defendants reside, the events giving rise to Plaintiff's claims arose, and the property at issue is located, in Washington, D.C., venue lies in the federal judicial district for the District of Columbia. *See* 28 U.S.C. §§ 88, 1391(b)(1), (2). The Court therefore transfers this action to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees, or be granted a temporary restraining order or a preliminary injunction, are determinations to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 1, 2021
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge